ANDERS PERSSON *vs.* CITY OF BANGOR.

Penobscot.    Opinion February 8, 1907.

*Ways. Application for assessment of damages. Same must be addressed to municipal officers. Mayor and aldermen are "municipal officers" of cities. R. S., chapter 1, section 6, paragraph 25; chapter 23, section 68.*

To sustain a complaint to the Supreme Judicial Court to assess damages for the raising or lowering of a street or way under Revised Statutes, chapter 23, section 68, a previous application in writing for the assessment of such damages must have been made to the municipal officers.

The mayor and aldermen constitute the municipal officers of cities.

Such an application addressed to the mayor and city council, comprising not only the mayor and aldermen but also all the members of the common council, is not sufficient to authorize such complaint to the Supreme Judicial Court.

On report. Complaint dismissed.

Complaint under Revised Statutes, chapter 23, section 68, to have the damages determined alleged to have been caused by the raising of Hellier Street adjoining the complainant's land in the City of Bangor. Heard at the January term, 1906, of the Supreme Judicial Court, Penobscot County. At the conclusion of the testimony the case was reported to the Law Court "for determination upon so much of the evidence as is legally admissible."

The case appears in the opinion.

*A. H. Harding,* for plaintiff.

*E. P. Murray,* for defendant.

SITTING: EMERY, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. On report. This is a complaint under R. S., chapter 23, section 68, to have the damages determined caused by the raising of Hellier Street adjoining the complainant's land in Bangor. The case shows that on October 13, 1903, and again on May 10, 1904, the Bangor Stone Ware Company of which the plaintiff was the proprietor applied in writing to the mayor and city council of Bangor, reciting the raising of said street thereby causing a strain and pressure to the wall of its factory and asking the city council to examine the premises and cause repairs to be made, or a new wall to be built. On each application the city council on Nov. 10, 1903, and on August 9, 1904, respectively gave the petitioner leave to withdraw, and thereupon this complaint was entered at the January term, 1905 of this court in Penobscot.

Several objections are made to these proceedings. By said section it is provided: " When a way or street is raised or lowered by a road commissioner or person authorized, to the injury of an owner of adjoining land, he may, within a year, apply in writing to the municipal officers and they shall view such way or street and assess the damages, if any have been occasioned thereby, to be paid by the town, and any person aggrieved by said assessment, may have them determined, on complaint to the Supreme Judicial Court."

It will be noted that only those can complain to the court who are aggrieved by the action of the municipal officers on such written application to them to assess the damages. Without determining whether the application in this case is in other respects sufficient, it was addressed to the mayor and city council and not to the municipal officers as required by the statute. The two are not the same. The mayor and aldermen constitute the municipal officers of cities, R. S., chapter 1, section 6, paragraph 25; while in Bangor the city council includes not only these but also the twenty-one members of the common council. This proceeding by complaint to the Supreme Judicial Court is authorized only after written application to the municipal officers. Upon them alone, and not upon another body of

which they form a part, the statute has conferred the power to act in such cases; and their action must be separate. *Atwood* v. *Biddeford*, 99 Maine, 78. The complainant never invoked their action but directed his application to another tribunal. This objection being fatal, it is unnecessary to look for others.

*Complaint dismissed.*